J-A23024-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,

Appellee

v.

STEPHEN N. STISCAK,

Appellant

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 1532 WDA 2013

Appeal from the Judgment of Sentence entered August 26, 2013,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0009389-2011
and CP-02-CR-0009226-2011

BEFORE:  DONOHUE, ALLEN, and MUSMANNO, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED SEPTEMBER 08, 2014**

Stephen N. Stiscak ("Appellant") appeals from the judgment of sentence imposed after he violated the conditions of his probation.  We affirm.

The trial court summarized the pertinent facts as follows:

[Appellant] was charged at CC201109389 with Aggravated Indecent Assault of a Child, Indecent Assault of a Child and Corruption of Minors in relation to an incident with his next-door neighbor's nine-year-old daughter and at CC 201109226 with Indecent Assault of a Child, Indecent Exposure and Corruption of Minors in relation to an incident with his girlfriend's seven-year-old son.  The Aggravated Indecent Assault Charge at CC 20119389 as well as one Indecent Assault and the Indecent Exposure charges at CC 201109226 were withdrawn by the Commonwealth as part of a plea agreement, and on February 6, 201[2], [Appellant] pled guilty to the remaining charges.  He was immediately sentenced to an agreed-upon term of imprisonment of 17½ months of home confinement with GPS

monitoring. No Post-Sentence Motions were filed and no direct appeal was taken.

[On June 28, 2012, the trial court adjudicated Appellant a sexually violent predator ("SVP") as defined in 42 Pa.C.S. § 9792 (expired). Although Appellant was sentenced on February 6, 2012, before his SVP hearing, this Court in **Commonwealth v. Whanger**, 30 A.3d 1212, 1214 (Pa. Super 2011) explained that the requirement that an SVP hearing be held before sentencing can be waived. **See** 42 Pa.C.S.A. § 9795.4(a)(expired); 42 Pa.C.S.A. § 9799.24. Here, at the February 6, 2012, sentencing hearing, after Appellant was informed that Megan's Law was applicable to him and after Appellant affirmed that he had filled out a Megan's Law colloquy with his attorney, Appellant agreed on the record to immediately proceed to sentencing, effectively waiving the requirement that an SVP hearing be conducted before sentencing. N.T., 2/6/12, at 7.]

On August 26, 2013, [Appellant] appeared before [the trial court] for a probation violation hearing following his unsuccessful discharge from treatment [with the Mercy Behavioral Health Clinic]. At the conclusion of the hearing, [the trial court] revoked [Appellant's] probation and imposed a term of imprisonment of [2½] to five (5) years. Timely Post-Sentence Motions were filed and were denied on September 23, 2013. This appeal followed.

Trial Court Opinion, 1/14/14, at 1-2.

On April 10, 2014, the Commonwealth filed with the trial court a "Petition to Certify Supplement to Original Record", seeking to include in the certified record a document entitled "Charge Specific Special Conditions" which detailed the special conditions of Appellant's probation. The trial court granted Appellant's petition and supplemented the certified record. On April 24, 2014, Appellant filed with this Court an "Application for Relief to Vacate Lower Court Order", asserting that the Commonwealth should be precluded

from including the "Charge Specific Special Conditions" as a supplement to

the certified record because it was never presented to the trial court. [1]

_____

[1] The "Charge Specific Special Conditions" contains a list of conditions that Appellant is to comply with while on probation, including a requirement that Appellant "attend and participate in a mental health treatment program and/or sex offender treatment program as approved and directed by the probation/parole officer." The document is signed only by Appellant and does not indicate who or what entity drafted it, or from where it originated.

The "Charge Specific Special Conditions" was transmitted to this Court after the trial court granted the Commonwealth's petition to supplement the certified record to include it. In his "Application for Relief" seeking to vacate the supplementation of the record, Appellant asserts that the "Charge Specific Special Conditions" document (which requires that Appellant receive mental health treatment) was never introduced in any proceeding before the trial court and that the document was never referenced nor admitted by the trial court as evidence. Accordingly, Appellant asserts that the document was not a part of the record before the trial court, and should not be considered by this Court as part of the certified record.

Pursuant to the applicable rules of appellate procedure, "[w]e may consider only material duly certified in the record transmitted to us by the trial court. A party to an appeal cannot therefore file a supplemental record containing documents which were not included in the record certified from the trial court and were not part of the evidence considered by the trial court in making its decision." *Possessky v. Diem*, 655 A.2d 1004, 1007, n.1 (Pa. Super. 1995), *citing* Pa.R.A.P. 1921.

It appears from the record that Appellant is correct that the document entitled "Charge Specific Special Conditions", which contains a requirement that Appellant attend counseling, was not admitted into evidence at the probation revocation hearing. However, the document is referenced in the written sentencing order dated February 6, 2012, in which the trial court specifically states that Appellant "Shall comply with charge specific special conditions." Trial Court Order, 2/6/12.

Because we conclude that the document entitled "Charge Specific Special Conditions" was clearly considered, and incorporated by reference in the trial court's February 6, 2012 sentencing order, we find no error in the
*(Footnote Continued Next Page)*

- 3 -

In his appellate brief, Appellant raises the following issues for our review:

1. Did the [trial] court commit an error in revoking Appellant's Probation where 42 Pa.C.S. § 9771(b)[2] directs that proof of Violation of specified conditions of Probation is necessary before a [trial court] may revoke Probation, and where the [trial court] did not make a determination that the alleged violations were based on the conditions of Probation actually imposed by the sentencing court?

2. Are VOP Sentences of consecutive two and a half (2½) to five (5) years of total confinement excessive as an abuse of discretion, where [the] record demonstrates [that the trial court] asserted inconsistent reasons for judgment, ignored mitigating factors, and placed undue emphasis upon improper pre-probationary factors?

Appellant's Brief at 5.

Appellant challenges the legality of his sentence and also raises a discretionary challenge to the length of the sentence imposed following revocation of his probation. Appellant's Brief at 12-20. In his first issue, Appellant argues that the revocation of his probation was erroneous because

_(Footnote Continued)_ ───────────────

trial court's decision to supplement the record with the document. Appellant's "Application for Relief to Vacate Lower Court Order" is therefore denied.

[2] 42 Pa.C.S. § 9771(b)

Revocation.--The court may revoke an order of probation upon proof of the violation of specified conditions of the probation. Upon revocation the sentencing alternatives available to the court shall be the same as were available at the time of initial sentencing, due consideration being given to the time spent serving the order of probation.

it was based on his failure to complete a counseling and treatment program. *Id*. He asserts that the requirement that he attend a counseling and treatment program was not imposed by the trial court at sentencing, but by the Board of Probation and Parole as a condition of supervision. He claims that at the sentencing hearing, and in the written sentencing order, the trial court never imposed a requirement that Appellant attend a treatment and counseling program. Rather, in reliance on **Commonwealth v. Elliot**, 50 A.3d 1284 (Pa. 2011), Appellant argues that the requirement that he attend a counseling and treatment program was imposed by the Pennsylvania Board of Probation and Parole as a condition of supervision. Appellant maintains, therefore, that the trial court lacked authority to revoke his probation based on his failure to attend counseling because the trial court never ordered him to attend counseling. Appellant claims that he cannot be penalized for failing to comply with a requirement that was not court-ordered, and that the trial court lacked the legal authority to revoke his probation and impose of a new judgment of sentence.

In **Elliott, supra**, on which Appellant relies, our Supreme Court addressed whether a trial court has the legal authority to revoke probation based on a violation of a condition set not by the trial court, but by the Board of Probation and Parole. The Supreme Court noted that under the Sentencing Code, the trial court is tasked with setting the terms and conditions for probation within specified parameters. **See Elliot**, 50 A.3d at

1288 *citing* 42 Pa.C.S. § 9754(a), (b) and (c). Our Supreme Court acknowledged that "only the [trial] court, not the probation offices and not any individual probation officers, [may] impose the terms [and conditions] of probation." *Id.* at 1291. The Supreme Court explained, however, that while "the legislature has placed the authority to impose a term or probation, and the conditions therefore, solely with the trial courts," the Probation Board and its agents "may impose conditions of supervision." *Id*. (clarifying that trial court courts levy "conditions of probation" and the Probation Board and its agents may impose "conditions of supervision"). In imposing such conditions, "the Board and its agents cannot impose any condition of supervision it wishes, *carte blanche*" because to do so would "interfere with a court's well-established sentencing authority." *Id*. Rather, the Board "may impose conditions of supervision that are germane to, elaborate on, or interpret any conditions of probation that are imposed by the trial court." *Id*. at 1291-1292. As the Supreme Court explained, "a trial court may impose conditions of probation in a generalized manner, and the Board or its agents may impose more specific conditions of supervision pertaining to that probation, so long as those supervision conditions are in furtherance of the trial court's conditions of probation." *Id.*

> This interpretation gives meaning to all of the [relevant] statutory provisions ... and thus: (1) maintains the sentencing authority solely with a trial court; (2) permits the Board and its agents to evaluate probationers on a one-on-one basis to effectuate supervision; (3) sustains the ability of the Board to impose conditions of supervision; and (4) authorizes that a probationer

may be detained, arrested, and "violated" for failing to comply with either a condition of probation or a condition of supervision.

*Id*. (holding that Probation Board's condition of supervision that the defendant not enter within 1,000 feet of areas where primary activity involved minors was derivative of trial court's condition of probation that defendant not have unsupervised contact with minors, and merely expounded on trial court's no-contact order; therefore trial court possessed legal authority for revocation of probation based on the defendant's violation of the probation department's requirement).

Here, Appellant argues that the requirement that he attend a counseling and treatment program was a condition imposed not by the sentencing court, but by the Probation Board, without authorization from the trial court. Appellant argues that at the sentencing hearing on February 6, 2012, when the trial court imposed its original sentence, it did not mention as part of its sentence that Appellant was required to receive counseling as a condition of probation. Appellant maintains that – unlike *Elliot*, *supra*, where the Probation Board imposed a condition of supervision that was derivative of the trial court's order and therefore permissible – the condition that he attend counseling and treatment was not derivative of any trial court mandate. Appellant's Brief at 15.

Our review of the record reveals that on June 28, 2012, Appellant was adjudicated a sexually violent predator (SVP) under section 9792 of Megan's Law, 42 Pa.C.S.A. § 9791 *et. seq* (expired*).*[3] Under that now-expired version of Megan's Law, an SVP was required by statute to attend counseling sessions. **See** 42 Pa.C.S.A. § 9799.4. ("a sexually violent predator shall be required to attend at least monthly counseling sessions in a program approved by the board and be financially responsible for all fees assessed from such counseling sessions. ...").[4] The current, amended version of Megan's law continues to require that "[a] sexually violent predator who is not incarcerated shall be required to attend at least monthly counseling sessions in a program approved by the board and be financially responsible for all fees assessed from the counseling sessions." 42 Pa.C.S.A. 9799.36.

The trial court's written February 6, 2012 sentencing order specifically states that Appellant was required to fulfill the registration requirements of Megan's Law, and "comply with all charge-specific special conditions," which would include the aforementioned statutory requirement that Appellant

_____

[3] At the time Appellant's original sentence was imposed on February 6, 2012, Appellant was subject to the registration requirements set forth in 42 Pa.C.S.A. § 9791–9795.4. That version of Megan's Law subsequently expired and was recodified at 42 Pa.C.S.A. §§ 9799.10–9799.41 effective December 20, 2012.
[4] **See also Commonwealth v. Maldonado**, 838 A.2d 710 (Pa. 2003) ("[Megan's Law] mandates that a sexually violent predator attend counseling sessions at least monthly, and that he pay the fees assessed from such sessions if he is able to do so. **See** 42 Pa.C.S. § 9799.4.").

attend counseling. *See Elliot,* 50 A.3d at 1292 ("a trial court may impose conditions of probation in a generalized manner"). Moreover, at the guilty plea and sentencing hearing, the trial court asked Appellant if he understood his Megan's Law registration requirements, and Appellant responded "yes." N.T., 2/6/12, at 7. Appellant additionally affirmed on the record that he had received a Megan's Law colloquy from his attorney, for the purpose of apprising him of his Megan's Law requirements. *Id*. Thus, the record reflects that at the sentencing hearing, and in the trial court's written sentencing order, Appellant was informed of his responsibilities under Megan's Law and ordered to comply with Megan's Law obligations, which included the requirement that he attend sex offender counseling. We therefore disagree with Appellant that the requirement that he attend counseling was a "condition of supervision" imposed by the Board of Probation without the authority of the trial court. Rather, attendance at sex offender counseling was statutorily required under Megan's Law, and the trial court explicitly directed Appellant to comply with Megan's Law and its attendant requirements as a condition of his probationary sentence. Accordingly, the trial court possessed the legal authority to revoke Appellant's probation for his failure to comply with the statutory requirement that he attend counseling.

Even if, as Appellant asserts, the requirement that he attend counseling was a "condition of supervision" imposed by the Probation Board

and not by the trial court, here, as in **Elliot**, such a condition that Appellant attend counseling was "derivative" of the trial court's order that Appellant comply with Megan's Law (which included the requirement that SVPs attend counseling). **Elliot** makes clear that if a condition imposed by the Probation Board is "derivative" of the trial court's order, the trial court has the legal authority to revoke a defendant's probation based on his failure to comply with that condition. Thus, the trial court in this case had authority to revoke Appellant's probation for failure to attend counseling because the trial court ordered Appellant to comply with Megan's Law and all "charge specific conditions", and the Probation Board's requirement that he attend counseling was derivative.

Appellant next argues that the trial court abused its discretion in imposing Appellant's sentence. A challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant

consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

***Commonwealth v. Austin***, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Appellant has preserved his claim by filing a post-sentence motion and timely notice of appeal. Appellant has additionally included in his brief a concise statement pursuant to Pa.R.A.P. 2119(f). *See* Appellant's Brief at 17-19. Moreover, Appellant's claim that the trial court failed to present adequate reasons on the record for its sentence, in conformity with 42 Pa.C.S. § 9721, presents a substantial question for our review. ***See Commonwealth v. Cartrette***, 83 A.3d 1030 (Pa. Super. 2013) (claim that the sentencing court did not consider the appropriate sentencing factors delineated in 42 Pa.C.S. § 9721(b) raises a substantial question for our review). We therefore proceed to address the merits of Appellant's claim.

Upon sentencing following a revocation of probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***See Commonwealth v. Coolbaugh***, 770 A.2d 788, 792 (Pa. Super. 2001). Once probation has been revoked, a sentence of total confinement may be imposed if any of the following conditions exist:

(1)   the defendant has been convicted of another crime; or
(2)   the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or,

- 11 -

> (3)  such a sentence is essential to vindicate the authority of court.

42 Pa.C.S.A. § 9771(c).  It is well settled that sentencing guidelines do not apply to sentences imposed as a result of probation revocations.  ***See Commonwealth v. Ware***, 737 A.2d 251, 255 (Pa. Super. 1999).

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal.  An abuse of discretion is more than an error in judgment – a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.

***Commonwealth v. Simmons***, 56 A.3d 1280, 1283-84 (Pa. Super. 2012).

"In ... all cases where the court resentences an offender following revocation of probation ... the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed [and] [f]ailure to comply with these provisions shall be grounds for vacating the sentence or resentence and resentencing the defendant."  ***Cartrette***, 83 A.3d at 1040-1041 (internal quotations omitted); 42 Pa.C.S. § 9721(b).  "A trial court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, but the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Crump***, 995 A.2d 1280, 1282-1283 (Pa. Super. 2010).

After his probation was revoked, Appellant received two consecutive sentences of 2½ to 5 years of imprisonment. These sentences did not exceed the statutory maximum, and therefore were not illegal. At the probation revocation hearing, prior to the imposition of sentence, the trial court heard from Appellant's counsel and the Commonwealth, who discussed Appellant's behavior leading to the probation revocation proceedings, specifically that Appellant failed to comply with the treatment plan at Mercy Behavioral Health, and that he had written sexually explicit messages to his female therapist. N.T., 8/26/13, at 2-5, 7. The trial court then stated on the record its reasons for its sentence as follows:

> According to Mercy [Appellant has] been offending since he was 12 years old, starting with exhibitionism, stalking, voyeurism, and of course hands-on victims, both males and females ...
>
> And then of course there's the 1500 victims that they're estimating, victims of him exposing himself to....
>
> We have been offering you help since you were 12 years old, and you're not taking advantage of it. And the fact is, no matter when you pled guilty, you still assaulted two children, ages 8 and 9. You've been diagnosed with pedophilia and paraphilia, not otherwise specified. You've been in rehab for I don't know how long.
>
> On the record, you were adjudicated in '99 to two counts of open lewdness; 2001, indecent assault as a juvenile. Again, you were adjudicated delinquent of open lewdness. You were convicted of indecent exposure in 2001, open lewdness in 2005, as well as the instant charges.
>
> I mean, so you're 27 years old. You've been in therapy for more than you have not been in therapy. And I don't think that your rehabilitation has any meaning for you whatsoever. You

failed it and all of the others that you've had. And the likelihood of re-offending is great. You are therefore a danger to the community.

*Id*. at 9-11.

Based on the foregoing, we find no abuse of discretion by the trial court. The record belies Appellant's claim that the trial court failed to set forth adequate reasons on the record for its sentence. Rather, the record indicates that the trial court considered appropriate sentencing factors including protection of the public, Appellant's background and character, and Appellant's mental health needs and rehabilitative potential. The trial court noted that numerous past attempts to rehabilitate Appellant had not only failed but led to a continuation of criminal conduct, and concluded that a sentence of total confinement was warranted to vindicate the authority of court. Upon review, we find no merit to Appellant's claim that the trial court failed to provide adequate reasons on the record for its sentence. Appellant has failed to establish that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision. *Simmons, supra*.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Application for Relief to Vacate Lower Court Order denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/8/2014